# EXHIBIT A

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **DANE**

Cheryl L Mohr vs. Massachussetts Mutual Life Insurance
Company

**Electronic Filing Notice**

Case No. 2021CV002870
Class Code: Other-Contract

FILED
12-02-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV002870
Honorable Julie Genovese
Branch 13

MASSACHUSSETTS MUTUAL LIFE INSURANCE COMPANY
4650 W. SPENCER STREET
APPLETON WI 54914

Case number 2021CV002870 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 7e8f30**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: December 2, 2021

**SERVED BY
DONALD L. DIENER
VALLEY PROCESS SERVICE
DATE** _12-3-21_
**TIME** _1:22 p_

**EXHIBIT A**

FILED
12-02-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV002870
Honorable Julie Genovese
Branch 13

STATE OF WISCONSIN   CIRCUIT COURT   DANE COUNTY

**CHERYL L. MOHR,**
530 Luco Road
Fond du Lac, WI 54935

                    Plaintiff,

        vs.

**MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,**
Registered Agent:
Corporate Creations Network, Inc.
4650 W. Spencer Street
Appleton, WI 54914

                    Defendant.

OTHER CONTRACTS
Civil Code: 30303
Case Number:
Damage Claim Exceeds $10,000

---

## SUMMONS

---

THE STATE OF WISCONSIN,

To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is: Dane County Courthouse, 215 S. Hamilton St., #1000,

Madison, Wisconsin 53703, and to Hawks Quindel, S.C., Plaintiff's attorneys, whose address is P.O. Box 2155, Madison, Wisconsin 53701-2155. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 2nd day of December, 2021

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Cheryl L. Mohr*

*Electronically signed by William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: dschroder@hq-law.com
Jessa L. Victor, State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

2

FILED
12-02-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV002870
Honorable Julie Genovese
Branch 13

STATE OF WISCONSIN      CIRCUIT COURT      DANE COUNTY

**CHERYL L. MOHR,**
530 Luco Road
Fond du Lac, WI 54935

                    Plaintiff,

        vs.

**MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,**
Registered Agent:
Corporate Creations Network, Inc.
4650 W. Spencer Street
Appleton, WI 54914

                    Defendant.

OTHER CONTRACTS
Civil Code: 30303
Case Number:
Damage Claim Exceeds $10,000

---

## COMPLAINT

---

The Plaintiff, Cheryl L. Mohr, by her attorneys, Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### **PARTIES**

1.    Plaintiff, Cheryl L. Mohr, is an adult resident of the State of Wisconsin and currently resides in Fond du Lac, Wisconsin.

2.    Defendant, Massachusetts Mutual Life Insurance Company, upon information and belief, provides life and disability insurance to the public. Defendant is engaged in an industry affecting commerce, and has had significant and continuous business contacts throughout the State of Wisconsin, including in Dane County. Defendant has corporate offices located at 1295 State Street,

Springfield, Massachusetts. Upon further information and belief, Defendant's registered agent for service is Corporate Creations Network, Inc., located at 4650 W. Spencer Street, Appleton, Wisconsin.

## FACTS

3.      At all times material to this Complaint, Plaintiff owned and was employed by Higher Level Camps, Inc.

4.      Plaintiff enrolled in a Disability Income Policy, which rendered her eligible to receive Disability Income benefits.

5.      Defendant insured said Disability Income benefits under the individual Disability Income Policy (policy number 8877029) issued to Plaintiff ("the Policy"). The Policy is attached to this Complaint as Exhibit A.

6.      The Policy purports to provide a monthly benefit to eligible participants who become disabled.

7.      As of fall 2019, Plaintiff, due to her disabling medical conditions, became unable to perform all of the main duties of her occupation with Higher Level Camps, Inc., suffered at least a 15 percent loss of income, and was not working at any other occupation.

8.      Plaintiff submitted evidence to show a relationship between her loss of income and her disability.

9.      Defendant was responsible for determining Plaintiff's eligibility to receive Disability Income benefits.

10.    Defendant paid Plaintiff 50 percent of the value of her Policy's Partial Disability Benefit from June 12, 2020 to January 12, 2021.

11.    Defendant has denied Plaintiff's claim for Disability Income benefits beyond January 12, 2021.

12.  Plaintiff timely appealed the denial of her Disability Income benefits, demanding full payment of said benefits from June 12, 2020 to present.

13.    As part of her appeals, Plaintiff provided sufficient proof to establish Defendant was responsible for payment of benefits; yet, Defendant failed to promptly pay the claim.

14.    Despite Plaintiff's appeals, Defendant upheld its decision to deny her Disability Income benefits.

15.    At all material times, Plaintiff was under a doctor's care and provided proof of total disability.

16.    Defendant conducted its investigation in a way that prevented it from learning the true facts upon which the claims of Plaintiff were based, disregarded the opinions of qualified experts, and disregarded the information contained in Plaintiff's appeals to Defendant.

17.    Defendant denied processing payment of Plaintiff's claim when it became due, pursuant to the terms of the Policy.

18.    Defendant lacked a reasonable basis for denying Plaintiff's claim.

19.    The denial of Plaintiff's claim has caused her severe economic damage.

3

20.     Defendant's handling of Plaintiff's claim has caused her severe emotional distress and such damages are permanent in nature.

21.     Upon information and belief, Defendant acted maliciously toward Plaintiff or in an intentional disregard of her rights.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

22.     As and for a first cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

23.     Prior to 2019, Defendant contracted and Plaintiff, such that Defendant agreed to provide Disability Income insurance coverage to Plaintiff.

24.     Upon information and belief, Defendant breached its contract with Plaintiff by, among other things, failing to:

    a.  Take the necessary steps to ensure timely payment of benefits;

    b.  Pay covered losses;

    c.  Deal with Plaintiff in good faith; and

    d.  Honor other and further terms of the contract.

25.     As a direct and proximate cause of Defendant's breach through its agents, servants, and or employees, and as a corporate entity, Plaintiff suffered compensable injuries, in an amount to be determined by a jury.

## SECOND CAUSE OF ACTION:
## BAD FAITH BY INSURANCE COMPANY

26.     As and for a second cause of action, Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

27.    Defendant has denied Plaintiff's claim to pay covered losses pursuant to the Plan.

28.    The terms of the Plan obligated the Defendant to pay Plaintiff's claim.

29.    There exists no reasonable basis for Defendant's denying Plaintiff's claim to pay covered losses pursuant to the Plan.

30.    Defendant failed to conduct an appropriate and careful investigation before denying Plaintiff's claim.

31.    Defendant failed to reasonably evaluate and objectively review Plaintiff's claim.

32.    In denying Plaintiff's claim pursuant to the Policy, Defendant either knew, or should have known, or recklessly failed to ascertain that the aforementioned claims should have been paid.

33.    As a direct and proximate cause of Defendant's conduct through its agents, servants, and or employees, and as a corporate entity, as alleged, Plaintiff suffered compensable injuries, in an amount to be determined by a jury.

**WHEREFORE** the Plaintiff, Cheryl L. Mohr, demands judgment for the following:

A.    Payment of all retroactive Disability Income benefits owed to Plaintiff;

B.    A declaration of Plaintiff's continued eligibility for all Disability Income benefits from Defendant;

C.    All compensatory damages resulting from Defendant's breach of contract and bad faith;

5

D.  Punitive damages pursuant to Wis. Stat. § 895.043;

E.  7.5% interest pursuant to Wis. Stat. § 628.46;

F.  Reasonable attorney's fees and costs related to the action; and

G.  Such other and further relief that the Jury deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Dated this 2nd day of December, 2021

> **HAWKS QUINDEL, S.C.**
> *Attorneys for Plaintiff, Cheryl L. Mohr*
>
> *Electronically signed by William E. Parsons*
> William E. Parsons, State Bar No. 1048594
> Email: dschroder@hq-law.com
> Jessa L. Victor, State Bar No. 1099144
> Email: jvictor@hq-law.com
> 409 East Main Street
> Madison, Wisconsin 53701-2155
> Telephone: 608/257-0040
> Facsimile: 608/256-0236

6

FILED
12-02-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV002870
Honorable Julie Genovese
Branch 13

# Exhibit A

# Massachusetts Mutual Life Insurance Company

*It is our pleasure to issue this valuable policy.*

| | |
|---:|:---|
| **INSURED** | CHERYL MOHR |
| **DATE OF ISSUE** | JUL 18, 2016 |
| **POLICY NUMBER** | 8,877,029 |
| **PRODUCT** | DISABILITY INCOME |



MassMutual
FINANCIAL GROUP℠

# Massachusetts Mutual Life Insurance Company
### Springfield, Massachusetts

**INSURED** CHERYL MOHR                    8,877,029   **POLICY NUMBER**

We at Massachusetts Mutual Life believe You should read Your Policy carefully. We have written it in plain English so You will understand the terms. We will, subject to these terms, pay the benefits to the Recipient of Benefits if the Insured should become Disabled while the Policy is In Force. This Policy is a legal contract between the Owner and the Company.

We provide benefits for a loss arising from a Sickness that first appears (makes itself known) after the Policy becomes Effective and while this Policy is In Force. We also provide benefits for a loss resulting from an Injury that happens while the Policy is In Force.

We provide benefits for a loss arising from a condition that existed before the Policy was In Force, if the condition was fully and accurately described in the application and We did not specifically exclude the condition from coverage. The loss must occur while the Policy is In Force.

**RENEWAL PROVISION.** We will not cancel this Policy. We will not change the premiums from those shown in the Policy Specifications, unless requested to do so by You. As long as the premiums are paid on time, We will continue coverage until the Expiration Date.

This Policy is issued by Massachusetts Mutual Life Insurance Company from Our Home Office, 1295 State Street, Springfield, Massachusetts 01111-0001 on the Issue Date shown in the Policy Specifications.

READ YOUR POLICY CAREFULLY

*Pia Flanagan*

SECRETARY

*My W. Shue*

PRESIDENT

## TEN DAY RIGHT TO EXAMINE POLICY

If for any reason You decide not to keep this Policy, send it to Us within 10 days after receiving it. Send it to Our Home Office or to the agent who sold You the Policy. We will treat the Policy as though it never had been issued. We will refund any premium paid.

Countersigned By _____        Licensed Resident Agent

**DISABILITY INCOME POLICY**
Noncancellable - rates guaranteed for the life of the Policy
Guaranteed continuable to Age 65
Participating
Convertible at Age 65

XL-IS-92(WI)

(xlis2awi)

# TABLE OF CONTENTS

**Part**                                                                                                              **Page**

POLICY SPECIFICATIONS ................................................................................................................
DEFINITIONS .................................................................................................................................... 1
DISABILITY BENEFITS ....................................................................................................................... 3
     a) Total Disability Benefit
     b) Presumptive Total Disability Benefit
     c) Recurring Disability
OTHER BENEFITS .............................................................................................................................. 3
     a) Rehabilitation Benefit
     b) Waiver of Premium Benefit
     c) Dividends
     d) Paying Premiums With Accumulated Dividends
     e) Reinstatement
     f) Conversion Privilege at Expiration Date
PREMIUM PROVISIONS ...................................................................................................................... 4
     a) Premium Payment Mode
     b) Changing Your Premium Mode
     c) Grace Period
     d) Refunding Premiums at the Insured's Death
CLAIMS ............................................................................................................................................... 5
     a) Notice of Claim
     b) Claim Forms
     c) Proof of Disability Requirements
     d) Payment of Claim
     e) Whom We Will Pay
     f) Prorated Payment
WHAT IS NOT COVERED ..................................................................................................................... 6
     a) Disabilities Not Covered
     b) Suspended Coverage While In Military
     c) Mental Disorder Limitation
     d) Pre-Existing Condition Limitation
GENERAL RULES ................................................................................................................................. 6
     a) The Contract
     b) Policy Specifications
     c) Right To Apply For Additional Monthly Benefits
     d) Changing the Policy
     e) Assigning or Transferring this Policy
     f) Time Limit on Certain Defenses
     g) Legal Action Against Us
     h) Misstatement of Age
     i) Conformity With State Statutes

XL-IS-92(WI)

(xlis2.pwi)

**POLICY SPECIFICATIONS**

| | |
|---|---|
| Insured: CHERYL MOHR | Policy Number: 8,877,029 |
| Policy Date: JUL 18, 2016 | Age and Sex: 54 MALE |
| Date of Issue: JUL 18, 2016 | Occupational Class: 4A |
| Premium Class: STANDARD, NON-TOBACCO RATES | |

## DISABILITY INCOME POLICY

| | |
|---|---|
| Policy Owner: | CHERYL MOHR |
| Recipient of Benefits: | CHERYL MOHR |
| Policy Expiry Date: | JUL 18, 2027 |
| Monthly Anniversary: | 18TH DAY OF EACH MONTH |
| Annual Premiums: | SEE PREMIUM SUMMARY |
| Modal Premiums: | SEE PREMIUM SUMMARY |
| Premium Mode: | ANNUAL |
| Premium Type: | LEVEL |

## COVERAGE SUMMARY

| Coverage Date | Coverage | Monthly Benefit | Waiting Period | Maximum Benefit Period* |
|---|---|---|---|---|
| The coverages below are based on a Level Premium structure: | | | | |
| | POLICY COVERAGE | | | |
| JUL 18, 2016 | Total Disability Benefit | $3,020 | 90 DAYS | TO AGE 65[1] |
| | RIDER COVERAGE | | | |
| JUL 18, 2016 | Extended Partial Disability | $3,020 | 90 DAYS | TO AGE 65 |

[1]The Maximum Benefit Period for Total Disability with a To Age 65 benefit Period is as follows:
If Total Disability begins:

| | |
|---|---|
| Before Age 61 | To Age 65 |
| At Age 61, but before Age 62 | 48 Months |
| At Age 62, but before Age 63 | 42 Months |
| At Age 63, but before Age 64 | 36 Months |
| At Age 64, but before Age 65 | 30 Months |
| At Age 65, and after | 24 Months |

The Maximum Benefit Period for the Total Disability Benefits will never be less than 24 months.

* - Indicates changed information (if applicable)

**XL-IS-92-3**          **POLICY SPECIFICATIONS PAGE 1 OF 3**

XL-IS-12

## ANNUAL PREMIUM SUMMARY

| | | |
|---|---|---|
| Insured: | CHERYL MOHR | Policy Number: 8,877,029 |
| Date of Issue: | JUL 18, 2016 | Policy Date: JUL 18, 2016 |

Premium Structure:

Years
JUL 18, 2016 - JUL 18, 2027          100% LEVEL PREMIUM

| Year | Annual Premium | Coverage | Benefit |
|---|---|---|---|
| 2016 - 2026 | $1,972.53 | Total Disability Benefits: | $3,020 Monthly |
| 2016 - 2026 | $457.23 | Extended Partial Disability | $3,020 Monthly |
| 2016 - 2026 | $2,429.76 | Annual Premium for All Disability Coverages | |

XL-IS-92-3          **POLICY SPECIFICATIONS PAGE 2 OF 3**

XL-IS-12

## OWNER PAGE

INSURED: CHERYL MOHR
DATE OF ISSUE: JUL 18, 2016

POLICY NUMBER: 8,877,029
POLICY DATE: JUL 18, 2016

### Owner

THE INSURED.

XL-IS-92-3                     **POLICY SPECIFICATIONS PAGE 3 OF 3**

XL-IS-12

## DEFINITIONS

AGE -- The age of the Insured on his/her nearest birthday.

COVERAGE DATE -- This is the Policy Date for coverages issued under the initial application. For coverages added later, it is the date used to calculate the premium due. It is not used to determine when coverage is Effective.

DISABILITY, DISABILITIES, OR DISABLED -- The occurrence while this Policy is In Force of a Total Disability. If the Partial Disability Benefits Rider, Extended Partial Disability Benefits Rider or Group Supplement Disability Benefits Rider are In Force, this also includes a condition caused by a Sickness or Injury which results in a Partial Disability.

DOCTOR -- A licensed medical practitioner, other than the Insured or Owner, parent, spouse or child of the Insured or Owner, acting within the scope of his/her license.

DOCTOR'S CARE -- The Insured is receiving care by a Doctor which, under prevailing medical standards, is appropriate for the condition causing the Disability. We will waive this requirement if We receive written proof acceptable to Us that further Doctor's Care is no longer of benefit to the Insured.

EFFECTIVE -- Coverage is Effective when this Policy is issued and delivered to You provided the first full premium is then paid and all answers on the application are true and complete as if made at the time of delivery.
Coverage is Effective on the Issue Date if a premium was paid at the time of application; the Conditional Advance Premium Receipt was given at that time; and this Policy was issued at standard rates exactly as applied for.
Additional coverages are Effective on the Monthly Anniversary on or after the date We issue the new Policy Specifications containing the coverage, subject to payment of the initial premium. If the initial premium is not paid when due, the coverage will be treated as never having been Effective and new Policy Specifications will be issued showing this fact.

EXPIRATION DATE -- This is the Policy Anniversary on or next after the Insured's 65th birthday. Thereafter, this Policy is no longer In Force.

HOME OFFICE -- Our office at 1295 State Street, Springfield, Massachusetts 01111-0001.

IN FORCE -- The status of this Policy after it becomes Effective and prior to termination.

INCOME -- Gross earnings of the Insured from his/her personal activity in any profession(s) or business(es). If the Insured's vocation involves ownership of any portion of any profession or business, including any corporation, Income includes his/her share of the earnings of that profession or business due to such ownership. We will deduct from gross earnings any amount which is deductible as a business expense for Federal Income Tax purposes. Income does not include:

- investment income;
- rent;
- royalties;
- deferred compensation payments from plans executed more than 30 days prior to Disability;
- retirement income;
- other disability income benefits in force or applied for.

INJURY -- An accidental bodily injury that occurs while this Policy is In Force.

INSURED -- The person insured under this Policy as shown in the Policy Specifications.

ISSUE DATE -- The date the Policy Specifications are printed. Subsequent Policy Specifications carry their own Issue Dates.

MAXIMUM BENEFIT PERIOD -- The maximum length of time We will pay monthly Disability benefits, whether for Total or, if applicable, Partial Disability, or a combination of both. We will not pay monthly Disability benefits for longer than the Maximum Benefit Period because of a change in the type of monthly Disability benefit paid. The Maximum Benefit Period is 24 months for each period of Disability caused or contributed to by a Mental Disorder.

MENTAL DISORDER -- Mental Disorder means any disorder classified in the Diagnostic and Statistical Manual of Mental Disorders (DSM), published by the American Psychiatric Association, most current as of the date of Disability. Mental Disorder includes, but is not limited to a mental, emotional, or behavioral disorder, or a disorder related to stress or to substance abuse or dependency. If the DSM is discontinued or replaced, Mental Disorder will include those disorders classified in the diagnostic manual then in use by the American Psychiatric Association as of the date of Disability.

OCCUPATION -- The Insured's regular profession(s) or business(es) at the start of Disability.

XL-IS-92(WI)

OWNER -- The person or entity, as shown in the Policy Specifications who has the exclusive right to exercise all rights and privileges under this Policy. If the Owner dies, the new Owner will be his/her executor or administrator. The Owner may be changed subject to Our notification, by Your Written Request.

PARTIAL DISABILITY -- Refer to the definition in the Partial Disability Benefits Rider, Extended Partial Disability Benefits Rider, or Group Supplement Disability Benefits Rider if You have one of these Riders In Force.

POLICY DATE -- The date used to determine the premium due date, Policy Anniversary, Policy Year, and Policy Expiration Date.

POLICY YEAR, POLICY ANNIVERSARY, POLICY MONTH, MONTHLY ANNIVERSARY -- These dates are computed from the Policy Date shown in the Policy Specifications. The first Policy Year begins on the Policy Date. The first Policy Anniversary is the Policy Date plus one year. The Policy Month begins on the same date in each calendar month as the Policy Date. The Monthly Anniversary is the same date in each succeeding month as the Policy Date.

PRE-EXISTING CONDITION -- The existence of symptoms which would cause an ordinarily prudent person to seek diagnosis, care or treatment within the 5 year period preceding the time in which coverage of the Insured becomes Effective; or a condition for which medical advice or treatment was recommended or received within the 5 year period preceding the date coverage of the Insured became Effective.

PRESUMPTIVE TOTAL DISABILITY -- The Insured is Presumptively Totally Disabled when Sickness or Injury causes a total loss of:

- speech;
- hearing in both ears;
- sight in both eyes;
- use of both hands;
- use of both feet; or
- use of one hand and one foot.

PROOF OF GOOD HEALTH -- Proof satisfactory to Us that We receive that the Insured's health is acceptable according to Our standards.

PROOF OF INSURABILITY -- Proof satisfactory to Us that We receive that the Insured is an acceptable risk, according to Our standards. It includes Proof of Good Health and other information such as, but not limited to, the Insured's Age, Occupation, Income, Unearned Income, and other disability income benefits in force or applied for.

PUBLISHED UNDERWRITING LIMITS -- The maximum amounts available based on the Insured's Age, Occupation, Income, Unearned Income, and other disability income benefits in force or applied for.

RECIPIENT OF BENEFITS -- The person or entity, as shown in the Policy Specifications designated to receive all Disability benefits of this Policy. The Recipient of Benefits is the Insured unless otherwise stated. The Recipient of Benefits may be changed, subject to Our notification, by Your Written Request.

REHABILITATION PROGRAM -- A formal program designed to prepare the Totally Disabled Insured for useful employment, including programs: operated by the Federal or State government; at a licensed vocational school, business school or accredited college; or of physical therapy provided by a properly licensed organization and as prescribed by the Insured's Doctor.

SICKNESS -- An illness or disease that first appears (makes itself known) while this Policy is In Force. Sickness also includes:

- the transplant of a part of the Insured's body to another person;
- complications of pregnancy or childbirth.

TOTAL DISABILITY -- The occurrence while this Policy is In Force of a condition caused by a Sickness or Injury, in which the Insured cannot perform the main duties of his/her Occupation and is not working at any other occupation. The Insured must be under a Doctor's Care.

UNEARNED INCOME -- Unearned Income may include, but is not limited to:

- investment income;
- rent; or
- royalties.

Unearned Income does not include gross earnings the Insured receives from his/her personal activity in any profession(s) or business(es).

WAITING PERIOD -- The period immediately following the start of Disability during which benefits do not accrue.

WE, OUR, US, COMPANY -- Massachusetts Mutual Life Insurance Company.

WRITTEN REQUEST -- A request in writing in a form satisfactory to Us and received at Our Home Office.

YOU, YOUR -- The Owner.

## DISABILITY BENEFITS

In order for Disability benefits to be paid, the Insured must be Disabled throughout the full Waiting Period. No benefits are accrued during the Waiting Period. The Waiting Period and the Maximum Benefit Period are shown in the Policy Specifications.

The Recipient of Benefits will not receive more than one Disability benefit at a time.

The benefit will not be larger if the Insured is Disabled from more than one cause, nor will the Maximum Benefit Period be extended. We will continue to pay benefits while the Insured is Disabled, up to the Maximum Benefit Period shown in the Policy Specifications.

### Total Disability Benefit

We will pay the Total Disability Monthly Benefit shown in the Policy Specifications if the Insured is Totally Disabled.

### Presumptive Total Disability Benefit

We will consider the Insured to be Totally Disabled as long as the Presumptive Total Disability continues and the Insured is under a Doctor's Care. Benefits will start to accrue following the earlier of the Waiting Period for Total Disability or 90 days. We will pay the Total Disability Monthly Benefit for up to the Maximum Benefit Period shown in the Policy Specifications. If the loss is deemed by Us to be total and irrecoverable, We will waive:

- the required Waiting Period;
- the requirement of a Doctor's Care; and
- the requirement that the Insured is not working.

### Recurring Disability

For Disability benefits with a Maximum Benefit Period to Age 65 or Lifetime, a Recurring Disability is a related Disability that starts less than 12 months after a period of Disability ends.

For Disability benefits with a Maximum Benefit Period of less than to Age 65, a Recurring Disability is a related Disability that starts less than 6 months after a period of Disability ends.

It is also an unrelated Disability that starts less than 30 days after the Insured returns to work full-time, at least 30 hours per week. The work must be consistent with his/her education, training, and experience. We will treat the Recurring Disability as a continuation of the prior Disability.

A Recurring Disability does not receive a new Maximum Benefit Period. Periods of Recurring Disability will be accumulated under the same Maximum Benefit Period. Benefits will be paid only up to the balance of the original Maximum Benefit Period.

If the Waiting Period has been satisfied, no new Waiting Period is required.

If the Waiting Period has not been satisfied, periods of Recurring Disability will be accumulated to satisfy the Waiting Period.

## OTHER BENEFITS

### Rehabilitation Benefit

We will reimburse the Insured for expenses he/she has actually paid and which are required for a Rehabilitation Program, if:

- We approve the Rehabilitation Program in writing before the Insured begins to participate in it. Our approval will be based on the nature of the Disability and the cost and appropriateness of the Rehabilitation Program.
- Disability benefits are currently being paid.
- We have not disapproved the Rehabilitation Program based on Our periodic review.
- those expenses are not defined as covered expenses by another insurer or not actually paid from another source.

We will periodically review the Insured's Rehabilitation Program. Our continued approval will be based on the nature of the Disability at the time of review, along with the cost and appropriateness of the Rehabilitation Program.

Expenses include the cost of physical therapy prescribed by the Insured's Doctor, tuition, books and use of equipment that are actually paid for by the Insured and that are required for the Rehabilitation Program.

### Waiver of Premium Benefit

After the Insured has been Disabled for 90 days, We will waive payment of premiums for as long as the Insured remains Disabled. We will also refund any premium paid during the 90 day period before the Insured qualified for these benefits.

XL-IS-92(WI)

We will waive premiums for this Policy and any attached Riders. We will waive premiums for the Policy based on the premium mode in effect when the Insured becomes Disabled.

## Dividends

While this Policy is In Force, We may credit it with dividends. Dividends are based on divisible surplus, if any, as We may apportion at the end of each Policy Year. We pay dividends in cash on each Policy Anniversary. However, You may request that We apply the dividends toward the premium payments or accumulate the dividends at an interest rate of not less than 5% compounded annually.

### Paying Premiums With Accumulated Dividends

While this Policy is In Force, an election may be made at the time of application or by Written Request to automatically use accumulated dividends, if sufficient, to pay any premium in default. The accumulated dividends may be insufficient to meet the full premium due. If so, We will change the premium mode, if there are sufficient accumulated dividends to meet the premium as changed. If not, this provision will not apply.

### Reinstatement

This Policy will terminate if premiums are not paid within the Grace Period.

The Policy will be reinstated if We accept without reservation a premium payment covering more than the period of time for which premiums remain unpaid. Reinstatement will be Effective on the date of Our acceptance. If We do not accept the premium payment without reservation, We will mail a written statement of reservations within 30 days after receipt of the payment.

We may require an application and Proof of Insurability in order to reinstate the Policy. Reinstatement will be Effective on the date We approve Your application. If You are not notified of a disapproval of Your application, this Policy will be reinstated upon the 30th day following the date of receipt of Your application and any back premiums due.

The reinstated Policy will only cover Disabilities caused by Injuries that occur after the reinstatement is Effective. It will only cover Disabilities caused by a Sickness that begins after the reinstatement date. No premium is payable for the period between the date the Policy ended and the reinstatement date, except to the extent that the premium will be applied to a reserve for future losses. Otherwise, the terms

of this Policy will be the same as before termination, except for terms added or excluded in connection with the reinstatement process.

## Conversion Privilege at Expiration Date

This Policy terminates on the Expiration Date shown in the Policy Specifications. However, if the Insured is Totally Disabled on the Expiration Date, the Maximum Benefit Period for Total Disability Benefits will not be less than 24 months.

This Policy may be converted by You to a new policy on the Expiration Date if the Insured is actively employed at least 30 hours per week and is not Disabled.

Send Us Your Written Request at least 60 days before the Expiration Date to convert Your Policy. We may ask for proof that the Insured will be employed following the Expiration Date for at least 30 hours per week and is not Disabled.

The new policy will be the policy We then issue for persons over Age 65, except for terms added or excluded in connection with the conversion. The Benefit Period will be 24 months. The Waiting Period will be the lesser of:

- the Total Disability Waiting Period under this Policy; or
- the maximum Waiting Period under the new policy.

We will base the premium for the new policy on the Insured's Age and occupation at the time We issue the new policy. The rates will be those We are using at the time the new policy is issued.

## PREMIUM PROVISIONS

### Premium Payment Mode

Premiums are due in advance. The first premium is applied as of the Policy Date. Subsequent premiums are due at the end of the term for which the prior premium was paid. Premiums may be paid:

(1) Annually on the Policy Anniversary,
(2) Semiannually every six months after the Policy Date, or
(3) Quarterly every three months after the Policy Date.

We may also permit premiums to be paid monthly on the Policy Date and every month thereafter.

Send premium payments to Our Home Office.

XL-IS-92(WI)

### Changing Your Premium Mode

You may request a change in the premium mode, by Written Request, at any time subject to Our approval. We will not permit a change in premium mode during any period in which the Insured is Disabled. The change will be Effective on the next applicable premium due date.

### Grace Period

Each premium after the first must be paid within 31 days after the due date to keep this Policy In Force. This is the Grace Period. The Policy will stay In Force during the Grace Period.

### Refunding Premiums At The Insured's Death

We will refund to You any premium paid beyond the end of the Policy Month in which the Insured dies. Our Home Office must receive written notice in a form satisfactory to Us of the death before We provide a refund.

### CLAIMS

### Notice of Claim

A written notice describing the Insured's Disability should be sent to Our Home Office. Send it within 20 days after the Disability occurs or as soon as is reasonably possible.

### Claim Forms

After We receive notification of the Insured's Disability, We will send a claim form. If a claim form is not received within 15 days after the original Disability notification, write Us a letter of claim. The letter of claim should state the cause of the Disability and the Insured's present situation.

### Proof of Disability Requirements

In order for Us to pay benefits, We must receive within 90 days after each Monthly Benefit claimed, proof of Disability, and proof of any Loss of Income, if applicable, and any other proof required to substantiate the claim.

If it is not possible to send it within 90 days, send it as soon as is reasonably possible. Your claim will not be reduced because of the delay, but We will not accept proof of loss later than 1 year after it was due. We will make an exception if You were not then competent to make the claim.

Proof of continuing Disability must be furnished monthly or at intervals as We may require.

From time to time We may also require satisfactory proof of the Insured's Income before and during the Disability. This proof may include, but is not limited to, copies of the Insured's W-2 form(s) and/or income tax returns.

We may also examine the financial records of the Insured. If the Insured owns any portion of any profession or business, including any corporation, We may also examine the financial records of that profession, business or corporation. This will be done as often as is reasonably necessary during the Disability. Examinations will be done by Us or a financial examiner We choose. We will pay for any examination We may require. If the Insured does not make a reasonable effort to submit to such examinations, We may stop paying benefits.

At reasonable intervals, We may require the Insured to be examined by Doctors We choose. We will pay for any examination We may require. If the Insured fails to submit to such examination, We will stop paying benefits.

### Payment of Claim

One month after the Waiting Period ends and after all Proof of Disability Requirements have been provided, We will make the first Disability benefit payment. We will continue to pay benefits, while the Insured is Disabled, only up to the Maximum Benefit Period shown in the Policy Specifications. Benefits are paid monthly.

### Whom We Will Pay

We will pay Disability benefits to the Recipient of Benefits. If the Recipient of Benefits is not competent to give a release, We may pay up to a total of $5000 to any relative of the Recipient of Benefits We believe is entitled.

If the Recipient of Benefits dies, We will pay the Recipient of Benefits' estate all amounts due. But We may pay up to a total of $5000 to any relative of the Recipient of Benefits whom We believe is entitled.

Any payment We make in good faith will fully discharge Us for that payment.

### Prorated Payment

We must be notified as soon as the Insured recovers from a Disability. We will send a prorated payment for that part of the month the Insured was Disabled.

## WHAT IS NOT COVERED

### Disabilities Not Covered

We do not cover Disabilities caused or contributed to by:

- war, whether declared or undeclared;
- normal pregnancy or childbirth.

### Suspended Coverage While in Military

We may suspend this Policy if the Insured enters active military service of any country or international authority. This suspension does not apply to active duty for training which is scheduled to last 90 days or less.

We will refund any part of the premium paid for the suspended period upon Your Written Request.

If the Insured is released from active duty within 5 years from the date the Insured entered active military service, You may restore this Policy. Send Us Your Written Request within 90 days of the Insured's release from active duty and pay the required premium due. We will not require Proof of Insurability. The premium rate will be the same as if the Policy had not been suspended. The restoration will be Effective on the date We receive the required premium due.

The restored Policy will only cover Disabilities caused by Injuries that occur after restoration is Effective. It will only cover Disabilities caused by a Sickness that first appears (makes itself known) more than 10 days after restoration is Effective.

### Mental Disorder Limitation

The Maximum Benefit Period is 24 months for each period of Disability caused or contributed to by a Mental Disorder. However, We will pay benefits, subject to the Maximum Benefit Period shown in the Policy Specifications, as long as You are continuously confined in a Hospital for the treatment of a Mental Disorder, and are under the care of a Doctor.

Hospital means an institution legally operating as a hospital which:

(1) is engaged in providing in-patient medical care for diagnosis and treatment of Mental Disorders;
(2) is supervised by a staff of Doctors on the premises; and
(3) provides on the premises 24-hour nursing care by registered nurses.

Hospital will not include an institution which:

(1) is run mainly as a rest, nursing or convalescent home; or
(2) is mainly for the care of the aged.

### Pre-Existing Condition Limitation

A Disability or loss caused by a Pre-Existing Condition will not be covered if:

- the Pre-Existing Condition was not fully and accurately described in the application; or
- We have specifically excluded the Pre-Existing Condition by name or specific description.

However, a Disability or loss caused by a Pre-Existing Condition will be covered if the Disability or loss starts two years after this Policy or additional benefit (which requires Proof of Good Health to purchase) becomes Effective unless excluded by name or specific description as provided in the Time Limit on Certain Defenses provision.

## GENERAL RULES

### The Contract

The Policy and the application, including subsequently approved applications and revised Policy Specifications, constitute the entire contract. The application includes its worksheets. A copy of the initial application is attached to and made a part of this Policy. Subsequent applications which are approved will be mailed to You with revised Policy Specifications for attachment to this Policy. This contract is made in consideration of the application(s) and the payment of premiums as provided in this Policy.

- All statements in an application will be deemed representations and not warranties.
- No statement will be used to void this Policy unless contained in an application.
- Our agents cannot alter or modify any terms of this Policy. They cannot waive any of its provisions.

### Policy Specifications

The initial Policy Specifications are attached to this Policy at issue. We will mail to You, for attachment to this Policy, any new Policy Specifications resulting from:

(1) any additional Disability benefits that were approved; or
(2) a change in the Waiting Periods or Maximum Benefit Periods; or
(3) reinstatement of this Policy.

## Right To Apply For Additional Monthly Benefits

You may apply for additional benefits at anytime while this Policy is In Force. We will require a new application and Proof of Insurability. The additional benefits will be Effective on the Monthly Anniversary following the date We approve Your application.

In order to buy additional benefits, the Insured must qualify for a minimum of $100 of additional Monthly Benefits on the basis of Our Published Underwriting Limits.

The maximum additional benefits You can buy are based on Our Published Underwriting Limits at the time You apply for additional benefits.

## Changing The Policy

An authorized officer of Our company must approve any change to the provisions of this Policy. Our agents are not authorized to make changes or waive any provisions of this Policy. If the change restricts any coverage, the change request must be signed by You. All changes must be attached to the Policy.

## Assigning Or Transferring This Policy

Any interest or benefits in this Policy may be transferred or assigned by Written Request from You. Provide Us with the full terms of the assignment or transfer. If We do not receive a Written Request, We will not make the change. In any case, We are not responsible for the validity or tax consequences of any assignment or transfer.

## Time Limit On Certain Defenses

After two years from the date this Policy becomes Effective, only fraudulent misstatements in the application may be used to void this Policy or to deny a claim for a Disability that starts after the two year period.

After two years from the date any additional benefit or change based on a subsequent application becomes Effective, only fraudulent misstatements in the subsequent application may be used to void or deny the additional benefit or Policy change.

No claim for Disability that starts two years after the date this Policy or additional benefit (which requires Proof of Good Health to purchase) becomes Effective will be denied because a disease or physical condition existed before coverage began: Unless We have specifically excluded the condition from coverage by name or specific description.

No claim for Disability caused by a disease or physical condition fully and accurately described in the application will be denied on the basis that the condition existed before coverage began: Unless We have specifically excluded the condition from coverage by name or specific description.

With respect to statements made in the application for any additional benefit rider: The Time Limit on Certain Defenses provision of the Rider will apply.

## Legal Action Against Us

Legal action to recover benefits under this Policy may not be started for at least 60 days after written proof of Disability was sent to Us. Also, legal action may not be started later than three years after the Policy requires written proof of Disability to be submitted.

## Misstatement of Age

If the Insured's Age is misstated on the application, We will change the benefit amount to reflect the benefits the premiums would have bought at the correct Age.

We will make a refund if We would not have issued the Policy at the Insured's correct Age. We will also make a refund if coverage would have ended before We accepted the premium.

Any refund will only cover premiums that have been paid for coverage not received. We will deduct any amounts paid to any designated person or entity.

## Conformity With State Statutes

Any provision that on the date the Policy becomes Effective conflicts with the state statutes where the Insured resides, is changed to meet the minimum requirement of such statutes.

# MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
### Springfield, Massachusetts

## EXTENDED PARTIAL DISABILITY BENEFITS RIDER

This Rider provides benefits for Partial Disability. We discuss Disability benefits in the Disability Benefits section of Your Policy. All definitions in the Policy apply to this Rider, unless otherwise specified.

**General**

This Rider is made a part of Your Policy in consideration of the application and premium payments. A copy of the application is attached to and made a part of Your Policy. If this Rider is issued after the Policy was issued, We will send new Policy Specifications. The Waiting Period and the Maximum Benefit Period for this Rider are shown in the Policy Specifications.

**Premiums**

The premiums for this Rider are shown in the Policy Specifications. Premiums for this Rider must be paid along with the premiums for the Policy. If You keep Your Policy In Force after this Rider terminates, You will no longer pay premiums for this Rider.

**Definitions**

CURRENT INCOME -- Income received during a period of Disability for which a benefit is claimed, excluding any amounts earned prior to the start of Disability.

DEMONSTRATED RELATIONSHIP -- With respect to a Loss of Income, the Disability is a substantial factor in producing the loss. A Disability would not have a Demonstrated Relationship to a Loss of Income produced primarily by intervening causes which are not related to the Disability.

LOSS OF INCOME -- The Insured's Pre-disability Income minus his/her Current Income, calculated on a basis consistent with that used to calculate Pre-disability Income.

PRE-DISABILITY INCOME -- The greatest of: the average monthly Income earned and received for the last 12 months before the start of Disability; or the average monthly Income earned and received for the last 24 months before the start of Disability; or the average monthly Income earned and received for the highest consecutive 24 months during the 60 months prior to Disability.

PARTIAL DISABILITY

For the first 6 months of Partial Disability whether during the Waiting Period or after, the Insured is Partially Disabled if due to Sickness or Injury he/she:

- is working at his/her Occupation or another occupation;
- is under a Doctor's Care; and
- fulfills the circumstances described in either (1), (2) **or** (3) below:

(1)
can do some, but not all, of the main duties of his/her Occupation. The main duty(s) that the insured is unable to perform must account for at least 15% of the time he/she spent in his/her Occupation just prior to the start of the Disability.

(2)
can perform all the main duties of his/her Occupation, but for no more than 85% of the time they were collectively performed consistently just prior to the start of the Disability.

(3)

- has a reduced capacity to perform his/her Occupation;
- has a Loss of Income of at least 15% of Pre-disability Income; and
- can show a Demonstrated Relationship between the Loss of Income and the current Disability.

After the first 6 months of Partial Disability, whether during the Waiting Period or after, the Insured is Partially Disabled if, due to Sickness or Injury he/she:

- is working at his/her Occupation or another occupation;
- is under a Doctor's Care;
- has a reduced capacity to perform his/her Occupation;
- has a Loss of Income of at least 15% of Pre-disability Income; and

- can show a Demonstrated Relationship between the Loss of Income and the current Disability.

## Partial Disability Benefits

In order for Partial Disability benefits to be paid, the Insured must have been Totally Disabled and/or Partially Disabled throughout the full Waiting Period for this Rider shown in the Policy Specifications.   No Benefits are accrued during the Waiting Period. Once the Waiting Period has been satisfied and while the Insured is Partially Disabled, We will pay benefits as follows:

For the first 12 months of Partial Disability Benefits:

Any monthly payment for Partial Disability will be at least 50% of the Extended Partial Disability Monthly Benefit shown in the Policy Specifications.   Based on the Insured's Loss of Income, the monthly payment can exceed the 50% minimum as determined below:

- If the Insured's Loss of Income is more than 50% of the Extended Partial Disability Monthly Benefit shown in the Policy Specifications, the monthly payment will be the Insured's actual Loss of Income, up to the Extended Partial Disability Monthly Benefit shown in the Policy Specifications; or

- If the Insured's Loss of Income is greater than 75% of Pre-disability Income, the monthly payment will be the full Extended Partial Disability Monthly Benefit shown in the Policy Specifications.

If eligible under both above conditions, the greater of the two monthly payments will be made.

Starting with the 13th month of Partial Disability Benefits:

Any monthly payment for Partial Disability will be based on the Insured's Loss of Income relative to the Pre-disability Income.   The monthly payment will be determined as follows:

- If the Insured's Loss of Income is equal to or greater than 15% of Pre-disability Income, but less than or equal to 75% of Pre-disability Income, the monthly payment will be determined by the following:

Extended Partial Disability Monthly Benefit  X
       Loss of Income
     Pre-disability Income

- If the Insured's Loss of Income is greater than 75% of Pre-disability Income, the monthly payment will be the full Extended Partial Disability Monthly Benefit shown in the Policy Specifications.

## Recovery Benefit

After a period of Total Disability or Partial Disability payments, a Recovery Benefit will be paid provided the Insured's Loss of Income is at least 15% of Pre-disability Income and there is a Demonstrated Relationship between the Insured's Loss of Income and the previous Disability.   The Recovery Benefit will be paid following the Insured's full recovery and return to his/her Occupation as it was being performed just prior to the start of Disability.   The monthly payment will be determined as follows:

Extended Partial Disability Monthly Benefit  X
       Loss of Income
     Pre-disability Income

We will periodically evaluate the Demonstrated Relationship between the Insured's Loss of Income and the previous Disability.   We will continue to make monthly payments as long as the Insured's Loss of Income is at least 15% of Pre-disability Income and there is a Demonstrated Relationship between the Insured's Loss of Income and the previous Disability. Monthly payments will not exceed the Maximum Benefit Period for Partial Disability.

## Adjustment to Pre-disability Income

The amount of Pre-disability Income will be increased after each 12 months of Disability.   We will increase it by the same percentage that the Consumer Price Index (CPI) rose during the preceding 12 months of Disability.   The CPI will be the one used in adjusting Social Security benefits.   If the CPI is replaced by another index, We will use the one used for adjusting Social Security benefits.   The percentage will never be less than 3%.   Once adjusted, the Pre-disability Income will not be decreased during that period of Disability.   We will ignore decreases in the CPI.

## Dividends

Each year We determine how much We may pay as dividends.   We specify how dividends are based in the Dividends provision of Your Policy.   We use the

same procedure to determine the dividends We may pay on this Rider.

**Time Limit on Certain Defenses**

After two years from the date this Rider becomes Effective, only fradulent misstatements in the application may be used to void this Rider or to deny a claim for a Disability that starts after the two year period.

After two years from the date any additional benefit or Rider change based on a subsequent application becomes Effective, only fradulent misstatements in the subsequent application may be used to void or deny the additional benefit or Rider change.

No claim for Disability that starts two years after the date this Rider or additional benefit (which requires Proof of Good Health to purchase) becomes Effective will be denied because a disease or physical condition existed before coverage began: Unless We have specifically excluded the condition from coverage by name or specific description.

No claim for Disability caused by a disease or physical condition fully and accurately described in the application will be denied on the basis that the condition existed before coverage began: Unless We have specifically excluded the condition from coverage by name or specific description.

**Termination**

This Rider will end on the earliest of the following dates:

- 31 days after the due date of any unpaid premium;
- as of the next premium due date upon Your Written Request;
- the Expiration Date of the Policy; or
- the death of the Insured.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

PRESIDENT

# MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
### Springfield, Massachusetts

## Endorsement

The Dividends provision found in the OTHER BENEFITS section of Your Policy is hereby deleted and replaced with the following:

### Dividends

While this Policy is In Force, We may credit it with dividends. Dividends are based on divisible surplus, if any, as We may apportion at the end of each Policy Year. If payable, they will automatically be paid to the premium payor in cash. If payable, they will also be paid in cash while premiums for this Policy are being waived.

The Conversion Privilege at Expiration Date provision found in the OTHER BENEFITS section of Your Policy is hereby deleted and replaced with the following:

### Conditions For Renewal

This Policy may be renewed on the Policy Anniversary that falls on or next following the Insured's 65th birthday. Renewal is conditional for one-year periods on each Policy Anniversary Date up to the Insured's 75th birthday. This Policy Anniversary Date is also the Renewal Date.

This Policy may be renewed if the Insured:

- Is not Disabled; and
- Is actively working full-time at least 30 hours per week; and
- Qualifies financially, based on Our Published Underwriting Limits in effect at the time of renewal.

Premiums at renewal are based on the Insured's Attained Age and rates in effect at the time of renewal.

Any reference to Your Policy being 'Convertible at Age 65' is also deleted. Your policy is now conditionally renewable after the Insured's 65th birthday to the Policy Anniversary Date that falls on or next following the Insured's 75th birthday.

This endorsement is part of the policy to which it is attached. Issued by MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Springfield, Massachusetts.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

*My W. Shuu*

PRESIDENT

EDI-15

(ed16xsrs)

# MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
### Springfield, Massachusetts

## LTC Purchase Credit Endorsement

The following provision has been added to Your Policy:

**Long Term Care Purchase Credit**

While this Policy is In Force, the premiums paid for Your Policy and any Riders that may be attached to Your Policy will be used to calculate a Credit. This Credit will be equal to 2% of such premiums paid, including any premium waived under the Waiver of Premium provision that is part of this Policy.

At any time while this Policy is In Force or up to one year after the Policy is no longer In Force, the Credit can be applied as set forth below to the first year premium due to purchase a Qualified Long Term Care Policy ("Long Term Care Policy"), as defined under Section 7702B(b) of the Internal Revenue Code of 1986, or as later changed or amended. The Credit can only be used to purchase a Long Term Care Policy that is issued by the Company - it has no other cash value. If a Long Term Care Policy is not available at the time of redemption, the Credit cannot be applied to the purchase of a Long Term Care Policy from another carrier. Any Credit in excess of the annual first year premium due under the Long Term Care Policy will have no further value and will be forfeited.

**How the Credit is Applied**

The Credit must be applied to a Long Term Care Policy for the Insured or a member of the Insured's immediate family, which is defined as the Insured's spouse, as determined by state law, children, parents, and spouses' parents. If applied, the entire available Credit must be used and applied in a single transaction to a single Long Term Care Policy. Before the Credit can be applied to the first year premium of the Long Term Care Policy, the individual who is to be insured under that policy must qualify under Our Long Term Care insurability standards.

The Credit can only be exercised to purchase a Long Term Care Policy if this Policy is In Force or up to one year after this Policy is no longer In Force. You do not have to surrender this Policy to purchase a Long Term Care Policy.

This endorsement is part of the policy to which it is attached. Issued by MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Springfield, Massachusetts.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

*My W. Mun*

PRESIDENT

EDI-14

(ed14xsrs)

# MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
### Springfield, Massachusetts

## PRESUMPTIVE TOTAL DISABILITY ENDORSEMENT

The definition of "Presumptive Total Disability" in the DEFINITIONS section of Your Policy is deleted in its entirety and replaced with the following:

**PRESUMPTIVE TOTAL DISABILITY** -- The Insured is considered to have a Presumptive Total Disability even if he/she is able to work if certain conditions exist. These conditions are any of those listed below that begin while this Policy is In Force.

- Complete loss of speech.
- Complete loss of hearing in both ears.
- Complete loss of sight in both eyes.
- Complete loss of use of both hands, or both feet, or one hand and one foot.

The "Presumptive Total Disability Benefit" section in the DISABILITY BENEFITS provision of Your Policy is deleted in its entirety and replaced with the following:

**Presumptive Total Disability Benefit**

We will consider the Insured to be Totally Disabled and eligible for benefits under the Total Disability provision as long as the Presumptive Total Disability begins and continues while this Policy is In Force and the Insured is under a Doctor's Care. Benefits will start to accrue after the Waiting Period for Total Disablity.

If the Presumptive Total Disability is complete and irrecoverable as of the date of Disability, We will waive:

- The required Waiting Period; and
- The requirement that the Insured be under a Doctor's Care.

This endorsement is part of the Policy to which it is attached. Issued by MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Springfield, Massachusetts.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

PRESIDENT

EDI-8

{edi8xsrs}

# AMENDMENT TO PENDING APPLICATION

To: Massachusetts Mutual Life Insurance Company      Date of Issue:  JUL 18, 2016
    1295 State Street, Springfield, Massachusetts

| Proposed Insured:<br>CHERYL MOHR | | Proposed Owner:<br>CHERYL MOHR | |
|---|---|---|---|
| Policy Number<br><br>8,877,029 | Date of Part 1 Application<br><br>JUN 02, 2016 | Date of Part 2 Application<br><br>JUN 02, 2016 | Date of Disability Income<br>Medical Supplement<br>N/A |

The following changes and additional statements as indicated below are made with respect to the application for insurance described above.

The answer to question 16     SECTION     B     of PART 1
should be  LESS THAN 15% OF MY EARNED INCOME

The answer to question 15A     SECTION     B     of PART 1
should be  2016 YEAR TO DATE EARNED INCOME $24000

I(We) agree that all statements and answers on this form are true and complete to the best of my(our) knowledge and belief. Other than to comply with the Company's underwriting requirements, I, the Proposed Insured, have not sought or received medical advice or treatment since the date of the Part 1 or Part 2 Application or disability Income Medical Supplement, which ever is later. I(We) agree this amendment shall be incorporated in the application referenced above as fully and completely as if amendments(s) had been originally set forth therein, and will be subject in all respects to the agreements contained in the application.

Except as changed above, the answers and statements to the application for insurance to Massachusetts Mutual Life Insurance Company are true and complete to the best of my(our) knowledge and belief as if made at the time I(we) signed the amendment.  A copy of the application is attached.

Signed at _____ , on (date) _____ , 20 _____
             City and State

Signature of Proposed Insured: _____
                      CHERYL MOHR

Printed Name: _____

Signature of Proposed Owner: _____
(if other than the Proposed Insured)       CHERYL MOHR

Printed Name: _____

**Return To:**     **Massachusetts Mutual Life Insurance Company**
**DMS W360**
**1295 State Street**
**Springfield, MA 01111-0001**

DEC 0 3 2021